**Bob BULLOCK, Comptroller of Public Accounts, et al., Appellants,**

v.

**The CITY NATIONAL BANK OF AUSTIN, as Independent Executor of the Estate of Georgann A. Lyon, Deceased, and of the Estate of Jack H. Lyon, Deceased, and as Trustee of the Jack H. and Georgann Lyon Trust, Appellees.**

No. 12523.

Court of Civil Appeals of Texas, Austin.

April 27, 1977.

John L. Hill, Atty. Gen., Myra A. McDaniel, Asst. Atty. Gen., Austin, for appellants.

Kevin Holcomb, Watkins, Ledbetter & Ramsey, Austin, for appellees.

O'QUINN, Justice.

The City National Bank of Austin, as independent executor of two estates and trustee of a trust, brought this suit to recover inheritance taxes paid under protest to the Comptroller of Public Accounts.[1]

Events giving rise to the tax in controversy began in 1971 with creation of certain trusts by Jack H. Lyon, joined by his wife Georgann A. Lyon, and funded by insurance policies on Lyon's life, with the City National Bank named trustee. Subsequently, on April 22, 1973, Lyon and his wife, together with all their children, died in a common disaster when an airplane in which they were riding crashed, killing all occupants. Lyon was survived by his parents and Mrs. Lyon by her parents.

The Bank filed inheritance tax returns for the two estates and paid taxes. Thereafter the Comptroller assessed additional inheritance taxes, with penalties and interest, in the amount of $13,108.84 in the estate of Georgann A. Lyon and $1,547.20 in the estate of Jack H. Lyon. The Bank paid the additional taxes under protest and, pursuant to Article 1.05, Taxation-General, Title 122A, brought this lawsuit to recover the taxes.

At trial the parties reached settlement of taxes on the estate of Jack H. Lyon, and both parties moved for summary judgment on the issue of additional taxes on the estate of Mrs. Lyon. The trial court overruled motion of the State and granted motion of the Bank awarding recovery of $13,108.84 inheritance taxes paid under protest.

The State appealed and brings the single point that the trial court as a matter of law erred in holding that none of the proceeds of the community-owned policy on the life

---

1. The City National Bank of Austin, plaintiff below, appellee on appeal, is in capacity of Independent Executor of the Estate of Georgann A. Lyon, deceased, Independent Executor of the Estate of Jack H. Lyon, deceased, and as trustee of the Jack H. and Georgann Lyon Trust; defendants below, appellants here, are Bob Bullock, Comptroller of Public Accounts; Jesse James, Treasurer of the State; and John L. Hill, Attorney General of Texas, all joined in official capacities in compliance with statute.

of Jack H. Lyon, payable to a third party, was taxable in the estate of Mrs. Lyon, who died in the common disaster with her husband.

We will overrule the point of error and affirm judgment of the trial court.

Under terms of the insurance trust agreement, with Lyon as settlor, it was provided:

(1) If Lyon's wife should survive him by thirty days, Mrs. Lyon would receive the income for life from Trust A, and would have general power of appointment over the principal of that Trust.

(2) At death of Mrs. Lyon, if she had not exercised her power to appoint by will, the corpus of Trust A would be added to a second, Trust B.

(3) Upon death of Mrs. Lyon, or if she should predecease Lyon, Trust B would be divided into as many shares as there were children or issue of Lyon then living; if none, the Trust estate would be distributed among Lyon's heirs at law according to the laws of descent and distribution of this State.

(4) The trust agreement was revocable at option of Lyon during his lifetime; at Lyon's death the trust became irrevocable.

After the death of Lyon, his wife, and all their children in the common accident, proceeds from three life insurance policies in the main funded the trust. Parents of Lyon and Mrs. Lyon agreed to divide the combined estate equally among the four parents.

Assessment of the additional inheritance taxes by the Comptroller was based on a determination (1) that one-half of the proceeds of two policies of insurance on Jack H. Lyon, payable to the trust as beneficiary, should be included in the estate of Georgann A. Lyon for inheritance tax purposes; (2) that Georgann A. Lyon was not entitled to the $40,000 exemption allowed under Article 14.01(A) on either of the life policies; and (3) that for inheritance tax purposes Georgann A. Lyon's beneficiaries were Jack H. Lyon's heirs at law.

The position of City National Bank is that as a matter of law the value of Mrs. Lyon's ownership interest in the community policy for inheritance tax purposes is not one-half of the *proceeds* of the policies, but is one-half of the *interpolated terminal reserve value* of the policies. In this contention City National relies on decisions of United States Courts of Appeals and the reasoning of those courts in cases involving fact situations basically indistinguishable from the facts of this cause.

The State concedes that no portion of the *proceeds* of the policies would be subject to inheritance taxes in the estate of Mrs. Lyon if she had *predeceased* her husband, who was the insured, by one day, nor would there be a tax if Mrs. Lyon *survived* her husband by one day. The State insists, however, that one-half of the *proceeds* of the policies are taxable in Mrs. Lyon's estate because she and her husband died *simultaneously* in the plane crash, thereby causing maturity of the policies to coincide with the instant of their deaths.

The Federal decisions relied on by City National would reject the State's argument that Mrs. Lyon had ownership rights to one-half of the *proceeds* of the policies, as distinguished from her policy *rights*. *Chown v. Commissioner,* 428 F.2d 1395 (9th Cir. 1970); *Wien v. Commissioner,* 441 F.2d 32 (5th Cir. 1971). In those cases the courts had before them the question of what is the value of ownership interest of the non-insured spouse in an insurance policy on the life of her spouse when both persons in a common disaster die "simultaneously" and the insurance proceeds are paid to third persons.

In those cases the contention that the wife's interest in the policies should be measured by the *proceeds* was rejected, and the courts instead used the *interpolated terminal reserve value* method to determine value for tax purposes. The *interpolated terminal reserve value* is not cash surrender value, but the reserve which the insurance company enters on its books against the company's liability on the contract, and *interpolated* indicates adjustment of the reserve to the specific date in question. *Com-*

*missioner v. Edwards,* 135 F.2d 574, 576 (7th Cir. 1943).

■ The State invokes provisions of the so-called "Texas Simultaneous Death Statute" and contends application of the statute places one-half of the *proceeds* of the policies in the ownership of Mrs. Lyon, rendering her estate subject to the inheritance tax assessed by the Comptroller. The portion of the statute affecting "Disposal of Community Property" provides:

"When a husband and wife have died, leaving community property, and there is no direct evidence that they have died otherwise than simultaneously, one-half of all community property shall be distributed as if the husband had survived, and the other one-half thereof shall be distributed as if the wife had survived. The provisions of this subsection *apply to proceeds of life or accident insurance* which are community property *and become payable to the estate of either the husband or the wife,* as well as to other kinds of community property." Texas Probate Code, Section 47(b), as amended by Acts 1965, 59th Leg., p. 279, ch. 119, sec. 1, eff. August 30, 1965. (Emphasis added).

Under the very words of the statute, it becomes inapplicable to the facts of the present case, since the proceeds were paid, not to the estate of Jack or Georgann Lyon, but to third party beneficiaries named in the policies. Furthermore, as pointed out by City National Bank, Section 47(f) of the Probate Code provides in relevant part:

"When provision has been made in the case of . . . *living trusts* . . . or *contracts of insurance* . . . for disposition of property different from the provisions of this Section [47], *this Section shall not apply.*" (Acts 1955, 54th Leg., p. 88, ch. 55). (Emphasis added).

The insurance contracts in this case provide that the proceeds shall be paid to a trust, the primary beneficiary in the policies. Thereafter the trust agreement itself governs disposition of the proceeds, and provisions of the statute are inapplicable under the facts of this case.

The courts in both *Chown* and *Wien* refused to speculate, or to accept speculations advanced by the parties, concerning the value of an interest in the insurance policy not yet matured. Rather than attempting to value the ownership interest of the non-insured spouse at *zero* or *proceeds* value, both courts used the *interpolated terminal reserve value* method to reach a value for tax purposes.

In *Wien* the court spoke of the "burden of calculating such imponderables" as the fluctuating factors involved in arriving at value of a policy, and, like the court in *Chown,* applied the method established by insurance companies setting up the policies on their books. In accord: *Old Kent Bank and Trust Company v. United States,* 430 F.2d 392 (6th Cir. 1970); *Estate of Meltzer v. Commissioner,* 439 F.2d 798 (4th Cir. 1971).

■ We agree with City National that the interpolated terminal reserve method of valuation was particularly proper in this case because the policies were for term insurance, without cash surrender value, and had to be maintained in force by additional premium payments. The parties stipulated in this case that the interpolated reserve values were zero. It would follow that for inheritance tax purposes no amount properly was part of the estate of Mrs. Lyon.

We are persuaded that the reasoning and result reached in decisions in *Wien* and *Chown* ought to be applied in this case. We hold that no part of the proceeds of the policies became a part of the estate of Mrs. Lyon and that whatever interest she had in the policies may not be measured or determined by proceeds from the policies.

The judgment of the trial court is in all things affirmed.

SHANNON, J., not participating.